Steven R. Parminter (Cal. Bar No. 090115)
E-mail: Steven.Parminter@wilsonelser.com
Christopher D. Nissen (Cal. Bar No. 202034)
E-mail: Christopher.Nissen@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Tel:   (213) 443-5100
Fax:   (213) 443-5101

Attorneys for Defendants,
GLENN EARL WHITLEY AND
PRAXAIR DISTRIBUTION, INC.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| DELILAH MERFALEN GUTIERREZ, DELILAH ANISSAH GUTIERREZ, DANIEL FRANCISCO GUTIERREZ, & SERENA BELLA GUTIERREZ, as wrongful death beneficiaries of Decedent Daniel Ramon Gutierrez,<br><br>Plaintiffs,<br><br>v.<br><br>GLEN EARL WHITLEY, PRAXAIR DISTRIBUTION, INC., HERIBERTO HERNANDEZ<br><br>Defendants. | Case No: 5:20-cv-01927<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(a) & 1441(b)**<br><br>Removed from the Superior Court of California, County of Los Angeles, Case No. 20STCV26092 |

**TO THE CLERK OF THE UNITED STATES COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION:**

**PLEASE TAKE NOTICE** that Defendants GLEN EARL WHITLEY ("WHITLEY"), an individual resident citizen of the State of Arizona, and PRAXAIR DISTRIBUTION, INC. ("PDI"), a Delaware Corporation with its principal place of business in the State of Connecticut, hereby remove civil action number 20STCV26092 from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). As

shown below, this Court has diversity jurisdiction because named wrongful death beneficiary Plaintiffs DELILAH MERFALEN GUTIERREZ, DELILAH ANISSAH GUTIERREZ, DANIEL FRANCISCO GUTIERREZ, and SERENA BELLA GUTIERREZ ("Plaintiffs") are completely diverse from properly-named Defendants WHITLEY and PDI (collectively the "Removing Defendants") and the amount in controversy exceeds the $75,000 minimum threshold.[1]  More specifically, the grounds and the reasons for removal are described below:

**I.   STATEMENT OF THE CASE**

Plaintiffs filed their Complaint for Damages ("Complaint") on July 10, 2020 in the Superior Court for Los Angeles County, California, naming WHITLEY, PDI, fictitious parties DOES 1-50, and the fraudulent-joined HURLIBERTO HERNANDEZ.  *See* true and correct copy of the Complaint attached hereto as Exhibit 1.  In accordance with 28 U.S.C. § 1446(a), the Removing Defendants have additionally attached a true and correct of copy of Plaintiffs' state court Proof of Service filing dated August 28, 2020, *see* Exhibit 10 hereto, and true and correct copies of all other process, pleadings and orders that are part of the state court file as of the date of this filing are attached hereto.  *See* Exhibits 1-11 hereto.

According to the Complaint, Plaintiffs' decedent Daniel Ramon Gutierrez (the "Decedent"), as the operator of a Harley Davidson motorcycle on eastbound California State Route 60 Freeway in Diamond Bar, California, suffered fatal injuries in a multivehicle accident occurring at approximately 8:00 p.m. on July 10, 2018. Exh. 1 at 2 ¶¶ 1-2.  Plaintiffs allege the accident occurred after fraudulent-joined individual defendant HURLIBERTO HERNANDEZ, the purported driver of "an older model, red Freightiner tractor trailer" (the "Red Tractor Trailer"),

---

[1] As detailed below, Plaintiffs has also named individual HERIBERTO HERNANDEZ as a defendant; however, HERNANDEZ is a fraudulently named "sham" defendant who was joined in a bad faith attempt to defeat removal.  Under longstanding precedent of the Ninth Circuit Court of Appeals, He HERNANDEZ's citizenship is due to be disregarded for jurisdictional purposes.

struck a Toyota Corolla passenger vehicle (the "Toyota")[2] while making a right-hand lane change. *Id.* at 2 ¶ 2. After being struck, the Toyota "collided into the vehicle to the right" (i.e., in the adjacent right travel lane) – a "White Tractor Trailer" being operated by WHITLEY that is owned by PDI. *Id.* After striking WHITLEY's White Tractor Trailer, the Toyota first "veered to the left," then collided into the median divider," and finally struck the the Harley Davidson, resulting in the Decedent's fatal injuries. *Id.*

Plaintiffs's Complaint includes a single count for "Negligence –Wrongful Death" brought against all defendants collectively. *Id.* at 4-7 ¶¶ 21-30. Each Plaintiff's alleged injuries include "loss of love, affection, society, serice, comfort, support, right of support, expectations of future support and counseling, companionship, solace and mental support," along with "other benefits and assistance." *Id.* at 6-7 ¶ 28. Based on these alleged injuries, Plaintiffs each seek to recover the following categories of damages under CAL. CODE CIV. PROC. § 425.10 in their Prayer: "past and future general damages," past and future special damages," "funeral and burial expenses," "hospital, medical, professional and incidental damages," "loss of personal property and income," "loss of inheritance," and "other economic losses." Exh. 1, Complaint at 7-8 ¶¶ 1-6, 8.

The Complaint is removable under 28 U.S.C. §§ 1332(d)(2). The Removing Defendants have satisfied all procedural requirements of 28 U.S.C. § 1446 and hereby remove this action to the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. §§ 1332 and 1446.

II. **TIMELINESS, JOINDER, AND VENUE**

The Complaint was filed in the Superior Court for Los Angeles County, California on July 10, 2020. See Exh. 1, Complaint.

As demonstrated by Plaintiffs' electronically filed state court Proof of

---

[2] Plaintiffs' Complaint identifies but does not name the Toyota's driver. *See* Exh. A at 2 ¶ 2.

Service, Defendant PDI was served with the Summons and Complaint on August 17, 2020. *See* Exhibits. 1-2-10. Plaintiffs have not filed any such Proof of Service as to WHITLEY, as a result of which his service status is currently unknown. Nevertheless, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(2)'s codified "last-served defendant" rule because it is filed within 30 days of PDI's receipt of the Complaint. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal"); *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-348 (1999) (removal is timely if filed within 30 days of formal service of summons and complaint); *Quality Loan Serv. Corp. v. 24702 Pallas Way*, 635 F.3d 1128, 1133 (9th Cir. 2011) (same).

None of the properly joined and served defendants is a citizen of the State in which this action is brought, and thus removal is proper under 28 U.S.C. § 1441(b)(2). *Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1054-55 (C.D. Cal. 2019) ("[T]he Court adopts the plain language interpretation of § 1441(b)(2), which requires a party to be properly joined *and* served before the forum defendant rule may limit the Court's jurisdiction." (emphasis in original)); *Jacob v. Mentor Worldwide LLC*, 393 F. Supp. 3d 912, 921 (C.D. Cal. 2019) (remand denied where California holding company was not a participant in producing or supplying allegedly defective product and was thus a fraudulently joined defendant). Whitely and PDI, the only properly joined non-fictitious defendants, both join this removal.

The United States District Court for the Central District of California, Eastern Division, is the district within which the state court action is pending, and is, therefore, the proper venue for this action. *See* 28 U.S.C. §§ 1446(a). Venue is proper in that the boundaries of the United States District Court for the Central District of California, Eastern Division, include Riverside County, the county in which Plaintiffs reside. *See* 28 U.S.C. § 84(c).

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Superior Court of California, County of Los Angeles, and will be served on all adverse parties.

### III.   BASIS FOR REMOVAL JURISDICTION.

Subject matter jurisdiction rests with the federal courts in this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The District Court has original jurisdiction over this action under 28 U.S.C. § 1332 and the Removing Defendants may remove the action pursuant to 28 U.S.C. § 1441, as follows:

**A.   Diversity Jurisdiction is Satisfied**

As alleged in the Complaint and based on investigation, Plaintiff DELILAH MERFALEN GUTIERREZ, who is the widow of decedent Daniel Ramon Gutierrez, and Plaintiffs DELILAH ANISSAH GUTIERREZ, DANIEL FRANCISCO GUTIERREZ, and SERENA BELLA GUTIERREZ, who are the children of decedent Daniel Ramon Gutierrez, each of whom brings suit as a statutory wrongful death beneficiary are all permanent resident citizens and domiciles of the State of California. Exhibit 1, Complaint at 2-3 ¶¶ 4-8.

Defendant WHITLEY, as correctly alleged in the Complaint, is an individual resident citizen of the State of Arizona. *Id*. at 3 ¶ 10.

Defendant PDI, as correctly alleged in the Complaint, is a corporation organized under Delaware law. *Id*. at 3 ¶ 11. Defendant PDI's principal place of business is Danbury, Connecticut, the location of its corporate headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (adopting the "nerve center test" wherein "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities, . . . typically . . . a corporation's headquarters"). Accordingly, Defendant PDI is considered a citizen of Delaware and Connecticut under 28 U.S.C. §§ 1332(c)(1).

The defendants identified in the Complaint as "DOES 1 through 50" (*see id*. at 4 ¶ 16) are fictitious parties who are due to be "disregarded" for purposes of

determining whether the action is removable under 28 U.S.C. §§ 1441(b)(1).

### B. Amount in Controversy is Facially Apparent

It is facially apparent in Plaintiff's Complaint that the amount in controversy is in excess of $75,000.00 as follows:

In the Complaint, Plaintiffs allege the Removing Defendants caused the death of their husband/father Daniel Ramon Gutierrez. As demonstrated by prior precedent, Plaintiffs' claim "for wrongful death is sufficient to establish that the amount in controversy exceeds $75,000 on the face of the Complaint." *Kammerdiener v. Ford Motor Co.*, No. ED CV-09-2180 PSG (VBKX), 2010 WL 682297, at *1 (C.D. Cal. Feb. 24, 2010); *see also Corbelle v. Sanyo Elec. Trading Co.*, No., 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003) ("This is not a case where the complaint alleges wrongful death or permanent disability or other such facts that would clearly establish an amount in controversy in excess of $75,000."); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (holding that plaintiff's wrongful allegations facially established the jurisdictional amount in controversy).

Moreover, Removing Defendants are only required to provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because Plaintiff's Complaint does not demand a specific amount of damages and indeed California practice does not permit them to demand a specific sum, *see* CAL. CODE CIV. PROC. § 425.10: under Cal. Civ. Proc. Code § 425.10(b) (". . . [W]here an action is brought to recover actual or punitive damages for . . . wrongful death, the amount demanded shall not be stated . . . ."), the Removing Defendants are entitled to plausibly "assert the amount in controversy" under 28 U.S.C. § 1446(c)(2) and need not offer any supporting evidence. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2) (B) only when the plaintiff contests, or the court questions, the defendants

allegation.").

Based on the Removing Defendants's investigation, the Decedent at the time of the fatal accident was 39 years old. As the only breadwinner in the family, the Decedent was driving home from work after completing a 14-hour shift as a heavy equipment mechanic in Los Angeles. Taking into account the financial support the Decedent provided his wife and children along with his remaining life expectancy, it is inconceivable the amount in controversy is less than the $75,000 jurisdictional threshold. *See, e.g.*, *Allen v. Toledo*, 109 Cal. App. 3d 415, 424 (1980) ("The life expectancy of the deceased is a question of fact for the jury to decide [], considering all relevant factors including the deceased's health, lifestyle and occupation."). *McAsey v. U.S. Dep't of Navy*, 201 F. Supp. 2d 1081, 1097 (N.D. Cal. 2002) ("In wrongful death actions, damages for pecuniary loss are limited by the life expectancy of the decedent immediately before he sustained the injuries which caused his death." (citation omitted)).

### C. HURLIBERTO HERNANDEZ Is Fraudulently Joined

Although Plaintiff's joinder of HURLIBERTO HERNANDEZ, who is alleged to be a resident citizen of Los Angeles, California, would normally destroy diversity and otherwise make this action non-removable, the Traffic Collision Report attached hereto as Exhibit 12 demonstrates beyond a shadow of doubt that HERNANDEZ is a fraudulently named "sham" defendant. Specifically, the Traffic Collision Report details the exhaustive efforts of the California Highway Patrol (CHP) to identify and locate the Red Tractor Trailer's driver – identified in the report as "Party #1 (P-1, Unknown)," who "fled the scene of the collision" in violation of California Vehicle Code § 20001(a) ("Felony Hit and Run causing injuries"). *See* Exh. 12 at 15, 29, 31, S-1.

Of note, nine members of the CHP's Baldwin Park Area, including two sergeants, were present at the accident scene, with two officers specifically assigned the task of "searching for Party #1 (P1 Unknown)." *Id.* at 12. Additional

1  assistance was obtained from the CHP's Special lnvestigations Unit within a day of
2  the accident. *Id.* at 16.  A number of identified witnesses were identified and
3  interviewed on July 11-12, including both Defendant WHITLEY and the
4  fraudulently joined HURLIBERTO HERNANDEZ. *Id.* at 12.

5  Defendant WHITLEY was able to provide a very specific description of the
6  tractor driver by Party #1 (P1 Unknown) – "a red older model Freightliner with a
7  chrome front bumper" with "red paint transfer to the right front side" that had
8  pulled up and away from the right front tire." *Id*. at 15.  Having confirmed "he
9  would be able to identify the [Red Tractor Trailer] if he saw it again," Defendant
10 WHITLEY voluntarily accompanied a CHP officer so he could personally view
11 HURLIBERTO HERNANDEZ's vehicle, after the latter driver was identified.  *Id*.
12 Defendant WHITLEY confirmed HERNANDEZ's vehicle, the bumper on which
13 was "red" rather than chrome, "was not the same Freightliner that caused this
14 collision." *Id*.  HURLIBERTO HERNANDEZ has thus been excluded from being
15 the suspected driver of the Red Tractor Trailer.

16 With no leads in identifying Party #1 (P1 Unknown) and no video
17 surveillance footage of the accident uncovered, the CHP held a press conference on
18 July 20 with the Plaintiffs and other members of the Decedent's family to "request
19 [] assistance from the public." *Id*. at 17, S-2.  (Video of the press conference is
20 available at https://abc7.com/3796534/.)  During the press conference, a CHP
21 officer acknowledged the investigative challenges faced in describing the task of
22 tracking down the Red Tractor Trailer as akin to "finding a needle in a haystack."

23 Following the press conference, the CHP received numerous additional
24 leads that were investigated into at least the first week of August by members of
25 law enforcement, Exh. 12 at 17-25, S-2, including a CHP Motor Carrier Specialist
26 and a West Valley Area CHP officer. *Id*. at 22, 24.  Despite these efforts, no
27 suspect was ever identified and the case remains unsolved.
28 The above investigation demonstrates there is no factual basis whatsoever,

much less a good faith factual basis, to support the allegation that HURLIBERTO HERNANDEZ – despite being excluded as a suspect – was the driver of the Red Tractor Trailer.

Under Ninth Circuit precedent, HERNANDEZ is a fraudulently joined "sham" defendant who should be disregarded for purposes of removal and who is properly dismissed under Fed. R. Civ. P. 21. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2000) ("'[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.'" (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (although determination of the propriety of removal ordinarily depends only upon the plaintiff's pleadings, in the context of fraudulent joinder, a removing defendant "is entitled to present the facts showing the joinder to be fraudulent" and "must have the opportunity to show that the individuals joined in the action cannot be liable on any theory" (citations omiited)); *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241 (C.D. Cal. 2015) ("An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a `sham' non-diverse defendant. . . . If a court finds fraudulent joinder of a 'sham' defendant, it may disregard the citizenship of the 'sham' defendant for removal purposes." (citation omitted)).[3]

WHEREFORE, Removing Defendants GLEN EARL WHITLEY and PRAXAIR DISTRIBUTION, INC. pray that this action be removed from Los Angeles County Superior Court to the United States District Court for the Central District of California, Eastern Division. Removing Defendants respectfully demand a jury trial.

---

[3] Should Plaintiffs challenge this joint removal, the Removing Defendants are entitled to present additional facts and evidence to demonstrate that HERNANDEZ was fraudulently joined. *See Ritchey*, 139 F. 3d at 1318; *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001); *West Am. Corp. v. Vaughan Basset Furniture*, 765 F.2d 932, 936 (9th Cir. 1985).

Dated:   September 16, 2020

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Christopher D. Nissen
Steven R. Parminter
Christopher D. Nissen
Attorneys for Defendants,
Glenn Earl Whitley and
Praxair Distribution, Inc.