O

JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELILAH MERFALEN GUTIERREZ, DELILAH ANISSAH GUTIERREZ, DANIEL FRANCISCO GUTIERREZ, and SERENA BELLA GUTIERREZ, as wrongful death beneficiaries of Decedent Daniel Ramon Gutierrez,<br><br>Plaintiffs,<br><br>v.<br><br>GLEN EARL WHITLEY, PRAZAIR DISTRIBUTION, INC., and HERIBERTO HERNADEZ,<br><br>Defendants. | Case No. 2:20-cv-08542-JWH-AFMx<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [Dkt. No. 16]** |

Before the Court is the motion of Plaintiffs Delilah M. Gutierrez, Delilah A. Gutierrez, Daniel F. Gutierrez, and Serena B. Gutierrez to remand this action to the Superior Court of California, County of Los Angeles.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion,[2] the Court orders that the Motion is **GRANTED**, for the reasons set forth herein.

## I. BACKGROUND

### A. Factual Allegations[3]

Plaintiffs seek to recover for wrongful death arising from a multi-vehicle traffic collision on California State Route 60 ("SR 60"). Plaintiffs allege that at around 8:00 p.m. on July 10, 2018, Plaintiffs' decedent, Daniel Ramon Gutierrez, was riding his Harley Davidson motorcycle eastbound on the SR 60 freeway, east of Grand Avenue.[4] Defendant Heriberto Hernandez was driving behind and to the right of Gutierrez in an "older model, red Freightliner" tractor trailer.[5] Then, as Hernandez merged into the lane to his right, Hernandez collided with a red Toyota Corolla, driven by Diana Laura Leon Garcia.[6] Garcia is not named as a party in this action.[7] Garcia subsequently collided with another vehicle to her right, a 2016 white tractor trailer operated

---

[1] Pls.' Mot. to Remand (the "Motion") [Dkt. No. 16].
[2] The Court considered the following papers: (1) Notice of Removal [Dkt. No. 1]; (2) Decl. of Christopher D. Nissen (the "Nissen Decl.") [Dkt. No. 5] (including its attachments); (3) the Motion and Mem. of P. & A. in Supp. of the Motion [Dkt. No. 16-1] (including its attachments); (3) Mem. P. & A. in Supp. of Defs.' Opp'n to the Motion (the "Opposition") [Dkt. No. 20]; and (4) Pls.' Reply in Supp. of the Motion (the "Reply") [Dkt. No. 21].
[3] The Court restates Plaintiffs' allegations for context, but it makes no determination regarding their veracity at this stage of the case.
[4] *See* Nissen Decl. ¶ 4, Ex. 1 (the "Complaint"), ¶ 2.
[5] Complaint ¶ 2.
[6] *Id.*
[7] *See generally id.*

by Defendant Glen Whitley and owned by Defendant Praxair Distribution, Inc.[8] Garcia veered back to her left, collided into the median divider, and then into Gutierrez's motorcycle. Gutierrez suffered severe injuries in the collision, and, tragically, he succumbed to those injuries.[9]

Plaintiffs allege that, at all relevant times, Whitley was an agent and employee of Praxair and that Whitley was acting in the course and scope of his employment at the time of the subject incident.[10] Plaintiffs are each residents of Riverside County, California.[11] Hernandez is, and was at the time of the subject incident accident, a resident of Riverside County, California.[12] Whitley is, and was at all relevant times, a resident of the Maricopa County, Arizona.[13] Praxair is a Delaware corporation with its principal place of business in Danbury, Connecticut.[14]

### B. Procedural Background

Plaintiffs filed their Complaint in the Los Angeles County Superior Court on July 10, 2020.[15] Plaintiffs assert a single claim for relief for Wrongful Death premised upon a theory of negligence against all Defendants collectively.[16] On September 16, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b), asserting diversity jurisdiction under 28 U.S.C. § 1332(a).[17] In

---

[8] *Id.* at ¶ 2.
[9] *Id.*
[10] *Id.* at ¶ 12.
[11] *Id.* at ¶¶ 4–7.
[12] *Id.* at ¶ 9.
[13] *Id.* at ¶ 10; *see also* Notice of Removal 5:17–18.
[14] Notice of Removal 5:19–26.
[15] Complaint.
[16] *See id.* at ¶¶ 15 & 17–30 (the Court notes that the paragraphs of Plaintiffs' Complaint after Paragraph 16 are mis-numbered. For reference, the allegations in support of Plaintiffs' claim for relief for Wrongful Death appear on pages 5:1–7:16 of the Complaint); *see also* Notice of Removal 3:8–9.
[17] *See generally* Notice of Removal.

their Notice of Removal, Defendants contend that Hernandez is a "sham" defendant and, therefore, that Hernandez's citizenship should be disregarded for the purpose of evaluating diversity jurisdiction.[18] Plaintiffs filed the instant Motion on October 19, and it is fully briefed.

## II. LEGAL STANDARD

### A. Removal Jurisdiction

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.* Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a); *see Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (same) (internal quotation marks omitted).

To remove an action to federal court under § 1441(a), the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the

---

[18] *Id.* at 2:2–6 n.1 & 7:15–9:20.

"longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (internal quotation marks omitted)). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III. DISCUSSION

As noted above, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b), asserting diversity jurisdiction under 28 U.S.C. § 1332(a).[19] Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). There is an exception to the complete diversity requirement, however, where a non-diverse defendant has been "fraudulently joined." *See, e.g.*, *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987).

Seeking to invoke this exception, Defendants contend that this Court has jurisdiction because Hernandez, who is not diverse from Plaintiffs, is a fraudulently joined defendant. In moving that the action be remanded to California state court, Plaintiffs contend that their allegations with respect to Hernandez's involvement in the subject incident and his potential liability are adequately supported. Therefore, Plaintiffs argue, Hernandez is a proper defendant and the action must be remanded in view of the absence of complete diversity.

---

[19] *See generally* Notice of Removal.

Fraudulent joinder "is a term of art." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe*, 811 F.2d at 1339). The Ninth Circuit has explained that "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe*, 811 F.2d at 1339). In this regard, the removing defendant "is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. Here, because Hernandez, like Plaintiffs, is a citizen of California, his presence in the lawsuit at the time of removal defeats diversity jurisdiction unless Defendants show that Hernandez was fraudulently joined.

Defendants bear a heavy burden; they must prove fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)) (fraudulent joinder must be proved by clear and convincing evidence); *see also Gaus*, 980 F.2d at 566 (defendant always has the burden of establishing that removal is proper). To sustain their burden, Defendants must prove there is "no possibility" that Plaintiffs will be able to establish their claim against Hernandez. *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (citing *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42(5th Cir. 1992)). In this regard, "[t]he standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Lieberman v. Meshkin, Mazandarani*, No. 96-cv-03344, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (citing *Dodson*, 951 F.2d at 42–43).

Here, the Court finds that Defendants have not sustained their burden to show that Hernandez is fraudulently joined as a defendant. Because Plaintiffs sue Defendants for Wrongful Death predicated upon a theory of negligence, the

Court looks to California state law to determine whether Plaintiffs have stated, or possibly can state, a claim for relief against Hernandez. *See McCabe*, 811 F.2d at 1339.

Under California law, a decedent's surviving spouse and children have standing to assert a claim for wrongful death. Cal. Code Civ. Proc. § 377.60(a). "The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs." *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1263 (2006) (emphasis omitted); *see also Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 390 (1999) (a claim for wrongful death consists of a "wrongful act or neglect" on the part of one or more persons that "cause[s]" the "death of [another] person"). A wrongful death claim based upon negligence requires allegations of the elements of negligence. *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1231 (9th Cir. 2013). "To support a claim of negligent wrongful death . . . , a plaintiff must establish the standard elements of negligence: defendants owed a duty of care; defendants breached their duty; and defendants' breach caused plaintiff's injury." *Id.*

In California, every person owes a duty to exercise ordinary care to avoid injury to another. *See* Cal. Civ. Code § 1714(a). With respect to the element of causation, a defendant's negligence is the actual cause of a plaintiff's injury if it is a "substantial factor" in bringing about the harm. *Mitchell v. Gonzalez*, 54 Cal. 3d 1041, 1052 (1991). A "substantial factor," in turn, is defined as "a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. [But] [i]t does not have to be the only cause of the harm." Cal. Civ. Jury Instr. 430 (2020).

The Court begins with Plaintiffs' allegations regarding Hernandez's involvement in the subject incident.[20]  Plaintiffs describe the subject incident as a chain accident—the initial collision led to multiple successive impacts, culminating in the collision between the Toyota Camry and Gutierrez.  In pertinent part, Plaintiffs allege that the collision began when Hernandez struck the Toyota Camry as Hernandez attempted to merge into the lane to his right.[21]  Plaintiffs proceed to allege that Hernandez owed a duty to use reasonable care in the operation of his vehicle[22] and that he breached this duty when he "merged in an unsafe turn and collided into" the Toyota Corolla.[23]  Finally, Plaintiffs allege that the negligence of Hernandez, together with the other Defendants, was a substantial factor in causing the death of Gutierrez and Plaintiffs' consequent injuries.[24]

Plaintiffs and Defendants each rely upon a Traffic Collision Report (the "TCR") prepared by the California Highway Patrol in connection with its investigation of the subject incident.[25]  In pertinent part, the TCR relates that four parties and four vehicles were involved in the subject incident.  "Party #1," who is unknown, was the driver of "Vehicle #1," described as "an older model red Freightliner conventional tractor with a chrome bumper and a rust or brick red shipping container trailer."[26]  As reported by a witness, Vehicle #1 fled the

---

[20]   The question before the Court is whether, in view of the evidence presented by Defendants, it is ***possible*** for Plaintiffs to state a claim for relief against Hernandez.  *See Good*, 5 F. Supp. 2d at 807.  In deciding this question, the Court ***does not make any finding*** regarding the legal sufficiency of Plaintiffs' allegations nor any other finding that would have preclusive effect with respect to the legal sufficiency of Plaintiffs' Complaint or the claims asserted therein.
[21]   Complaint ¶ 2.
[22]   *Id.* at ¶ 17.
[23]   *Id.* at ¶ 18.
[24]   *Id.* at ¶ 15.
[25]   Nissen Decl. ¶ 15, Ex. 12.
[26]   TCR 13:3–10.

scene eastbound on SR 60 and exited at Grand Avenue.[27] The California Highway Patrol issued a "be on the lookout" broadcast for a vehicle matching the description of Vehicle #1.[28] At some point thereafter, California Highway Patrol Officers conducted an enforcement stop of the red Freightliner driven by Hernandez which, at least at first glance, matched the description of Vehicle #1.[29] Officers ultimately determined that Hernandez's vehicle was different from Vehicle #1, and Hernandez denied involvement in the subject incident.[30]

        Defendants contend that Plaintiffs' allegations with respect to Hernandez's potential liability are unsupported by the TCR. Defendants claim, for example, that Hernandez was not detained "moments" after the crash as Plaintiffs contend, that the CHP investigators determined that Hernandez's red Freightliner differed in certain respects from the red Freightliner described by witnesses, and that the damage to Hernandez's Freightliner did not match the damage to the Toyota Corolla.[31] This evidence, however, is not enough for Defendants to sustain their burden to prove, by clear and convincing evidence, that there is no possible theory of liability against Hernandez.

        Plaintiffs' allegations against Hernandez are supported by facts in the TCR such as that Hernandez acknowledged witnessing the subject incident,[32] Hernandez's Freightliner is an older model red Freightliner,[33] and California Highway Patrol Officers stopped Hernandez on Grand Avenue and Valley Boulevard—the same exit, according to witnesses, taken by the "older model,

---

[27] *Id.* at 15:11–13.
[28] *Id.* at 15:24–28.
[29] *Id.* at 15:30–32.
[30] *Id.* at 15:30–42.
[31] Opposition 9:16–15:2.
[32] TCR 15:37–38.
[33] *Id.* at 15:8–36.

red, Freightliner" after leaving the scene of the subject incident.[34]  Thus, Hernandez is not some random individual who is completely unrelated to Plaintiffs' claims.  Rather, there is at least some basis for Plaintiffs' theory of liability against Hernandez based upon his potential involvement in the subject accident, especially because the accident involved multiple vehicles and the vehicle that initiated the collision is currently unidentified.  The Court finds that at this stage of the litigation, there is a possibility that Plaintiffs have alleged, or could possibly allege, a claim against Hernandez.

Defendants have not sustained their burden to prove fraudulent joinder by clear and convincing evidence.  Consequently, this Court does not have jurisdiction over the action under 28 U.S.C. § 1332 because there is not complete diversity between the parties.

## IV.  CONCLUSION

Based upon the foregoing, the Court hereby **ORDERS** as follows:

(1)   Plaintiffs' Motion to Remand is **GRANTED**.  This action is **REMANDED** to the Los Angeles County Superior Court.

(2)   Defendants' pending Motion to Dismiss [Dkt. No. 18] is **DENIED** as moot.  The hearing on Defendants' Motion to Dismiss, currently set for December 4, 2020, is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 2, 2020

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[34]   *Id.* at 15:11–13 & 15:30–32.